Reese, J.
delivered the opinion of the court.
' This is an indictment for forgery. The forged instrument, as set out, is a receipt or acquittance in the following words, to wit: “Received of Stephen Snell, sheriff and tax-collector, sixteen hundred dollars and seventy-three cents, part of the revenue for 1836 and 1837. H. Bradberry, Trustee for Henderson county, Ten.” The first count avers that the defendant forged the above instrument with intent to defraud the above mentioned H. Bradberry; the second count, that he uttered and passed the above forged instrument, knowing it to have been forged, with intent to defraud, &c.; and the third count that he feloniously altered a genuine receipt and acquittance as follows, to wit: “Received of Stephen Snell, Sheriff and tax-collector, six hundred dollars and seventy-three cents; part of the revenue for 1836. H. Bradberry, Trustee for Henderson county, Ten.,” to read as above set forth, with the like fraudulent intent. The defendant was convicted on all the counts, and has prosecuted his appeal to this coürt, and here the grounds of error assigned on his behalf, in argument, are, that the indictment does not show that he was sheriff and tax-collector for Henderson county for the years 1836 and 7; or that Bradberry was trustee in these years for that county, or was entitled to claim or demand money of the defendant on any ground. The indictment alleges, the forgery, and the alteration of the acquittance; and that they were with intent to defraud Bradberry. But this, it is said, is not sufficient. The objections, taken together, amount to this, that a liability, personal or official on the part of defendant to pay money to Bradberry should have been alleged in the indictment, in order to show that the latter was in a situation, or stood in a relation to the prisoner, so as to be defrauded by the false making of the instrument. But certainly this assumption is founded in error; for the liability of Bradberry to be injured and defrauded by the false making of the instrument, is not confined to the case of the prisoner’s indebtedness to him, for upon the supposition of non-indebtedness, he would be liable to the claim and action of the prisoner for the money acknowledged to have been received. It is believed not to be necessary in an indictment for forgery, to show the various modes In which the false instrument might be used so as as to injure and defraud the person who purports to have made it. It has been holden that it is sufficient to aver a general *350 intent to defraud a certain person, which intention may be made out by the facts in evidence at the trial. 2 Russell on Crimes: 1 Leach 77.
The case of Rice vs. The State, 1 Yer., has been referred to as sustaining the views of prisoner’s counsel; a slight intimation of an opinion is there given that the indebtedness of the prisoner ta the person purporting to have made the receipt, should have been alleged. But that point was not decided. The case went off on another ground. In the case of Walton vs. The State, 6 Yer. 377, the decision was made to turn upon the form and character of the instrument; and the case, whether rightly decided or not, does not bear upon the one before us. Upon the whole, we are of opinion there is no error in the record, and we affirm the j udgment.